UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Susan Hardy,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Acceptance Corporation,<br><br>    Defendant. | Civil Action No.: _____<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT & JURY DEMAND**

For this Complaint, Plaintiff, Susan Hardy, by undersigned counsel, states as follows:

### **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### **PARTIES**

3. Plaintiff, Susan Hardy ("Plaintiff"), is an adult individual residing in Clarksburg, West Virginia, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Credit Acceptance Corporation ("Credit Acceptance"), is a Michigan business entity with an address of 25505 West 12 Mile Road, Southfield, Michigan 48034-8316, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. On or about February 9, 2016, Credit Acceptance began calling Plaintiff's cellular telephone, number 304-xxx-8033, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

6. When Plaintiff answered calls from Credit Acceptance, she heard a prerecorded message.

7. On or about February 14, 2016, Plaintiff told Credit Acceptance to cease all calls to her cellular telephone number.

8. Nevertheless, Credit Acceptance continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA –47 U.S.C. § 227, *et seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone system(s) have some earmarks of a predictive dialer.

13. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

14. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

15. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2016

                                          Respectfully submitted,

                                          By: /s/ Sergei Lemberg, Esq.
                                          Attorney for Plaintiff Susan Hardy
                                          LEMBERG LAW, L.L.C.
                                          43 Danbury Road, 3rd Floor
                                          Wilton, CT 06897
                                          Telephone: (203) 653-2250
                                          Facsimile:   (888) 953-6237
                                          Email: slemberg@lemberglaw.com